# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2011

No. 10-41261
Summary Calendar

Lyle W. Cayce
Clerk

ORA ELLIS,

Plaintiff-Appellant,

versus

COMPASS GROUP USA, INCORPORATED, Doing Business as Chartwells,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CV-366

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Ora Ellis appeals, *pro se*, a summary judgment in favor of her employer,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41261

Chartwells, on her employment discrimination and retaliation claims. Finding no error, we affirm.

I.

Chartwells provides food, beverage, and other catering services to Lamar University. In 2003, Ellis was hired by Chartwells to work as a baker at a dining hall.

In November 2007, Ellis took a temporary medical leave of absence. Shortly after returning, she attempted, during work hours, to get some of her coworkers to sign statements stating that they believed she was being overworked and that they had previously received overtime by helping in the bakery while Ellis was on medical leave. Ellis also brought a tape recorder to work to record statements from her coworkers, and she reviewed other employees' time cards.

None of the employees agreed to provide statements to Ellis. To the contrary, two of them complained to a supervisor that Ellis was harassing them by pressuring them to sign statements they did not want to sign. Those two employees also submitted written complaints regarding Ellis. In light of the complaints, in December 2007, Chartwells suspended Ellis pending an investigation into the complaints.

In January 2008, Ellis met with her supervisor and was given a written counseling report. The supervisor explained that Chartwells had concluded that her inappropriate and harassing behavior had created an uncomfortable work environment for her coworkers. Following the meeting, Ellis was allowed to return to work at the same pay as before her suspension.

Within two weeks of the meeting, Ellis filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Chartwells was informed of the charge in February 2008. Before filing the charge, and before her suspension, Ellis had contacted the EEOC on the phone—but no one

No. 10-41261

at Chartwells was aware of her contact with the EEOC until they learned of the formal charge in February.

The EEOC issued a right-to-sue notice to Ellis in April 2008, so she sued Chartwells under title VII of the Civil Rights Act of 1964. She alleged that Chartwells had discriminated against her on the basis of race by giving a heavier workload to her than to other employees and by refusing to provide workers to assist with her workload. She also claimed that her suspension was retaliation for her having filed the EEOC complaint.

Chartwells moved for summary judgment, but Ellis failed to respond and did not submit any competent summary judgment evidence to dispute Chartwells's version of the facts. A magistrate judge issued a report recommending granting summary judgment and dismissing Ellis's suit in its entirety.

Ellis filed objections to the recommendation. The district court, in light of the objections, conducted a *de novo* analysis of the motion for summary judgment, adopted the report in its entirety, and granted summary judgment.

II.

We review a summary judgment *de novo*, "using the same standard as that employed by the district court under Rule 56." *Kerstetter v. Pac. Scientific Co.*, 210 F.3d 431, 435 (5th Cir. 2000). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). There is no genuine issue for trial "[i]f the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party." *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999). We review evidence in the light most favorable to the nonmoving party, but conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

No. 10-41261

"It is well settled in this Circuit that the scope of appellate review on a summary judgment order is limited to matters presented to the district court." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005). "If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." *Vaughner v. Pulito*, 804 F.2d 873, 877 n.2 (5th Cir. 1986). Nonetheless, in our *de novo* review of a summary judgment, we are obliged to assess whether "the movant has [met] the burden of establishing the absence of a genuine issue of material fact . . . regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (quotation marks and citation omitted). Thus, even though Ellis has failed to raise any arguments opposing summary judgment beyond a rote recitation of her complaint, we will analyze all competent summary judgment evidence in the record to determine whether summary judgment is appropriate.

## A.

Title VII prohibits intentional discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). In title VII cases where, as here, the plaintiff has not presented any direct summary judgment evidence of discrimination, we apply the burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973): A plaintiff alleging disparate treatment must first prove a *prima facie* case of discrimination by showing that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) others similarly situated were treated more favorably. *Id.* at 802.

Once a plaintiff has made a *prima facie* case, the employer must provide "some legitimate nondiscriminatory reason" for the adverse action taken. *Id.* at

802.  If the employer provides a nondiscriminatory reason, the burden shifts to the plaintiff, who must show a genuine issue of material fact that either (1) the employer's proffered nondiscriminatory reason is a pretext for discrimination or (2) regardless of the nondiscriminatory reason, race was a motivating factor in the employer's action.  *See Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citation omitted).

Ellis alleges that Chartwells discriminated on the basis of race by giving her a heavier workload than other employees and by refusing to provide workers to help with her workload.  Ellis, however, cannot prove a *prima facie* case of discrimination, because she cannot satisfy the last two requirements of *McDonnell Douglas*: that she suffered an adverse employment action and that others similarly situated were treated more favorably.

The undisputed summary judgment evidence shows that the only harm alleged by Ellis as part of her discrimination claim is her belief that she has been routinely overworked and is required to handle a heavier workload than are other employees.  Neither of those, however, qualifies as an adverse employment action.  Adverse employment actions include only ultimate employment actions, such as hiring, firing, promoting, compensating, or granting leave.  *See McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) (citation omitted).  Imposing a higher workload than that given to other employees is not an adverse employment action under title VII.  *See Benningfield v. City of Houston*, 157 F.3d 369, 376-77 (5th Cir. 1998).

Even if, however, Ellis could raise a genuine issue of material fact regarding suffering an adverse employment action, her discrimination claim would still fail, because she has not presented any evidence suggesting that others similarly situated, but outside her protected class, were treated differently.  Thus, summary judgment was proper on Ellis's discrimination claim.

No. 10-41261

B.

Title VII also prohibits retaliation against an employee who has engaged in activity protected by the act: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3. To establish a retaliation claim, a plaintiff must show that (1) he engaged in a protected activity; (2) the employer took an adverse employment action against him; and (3) there was a causal connection between the protected activity and the adverse action. *See Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001). Protected activities consist of (1) opposing any practice deemed an unlawful employment practice by title VII (the "opposition clause") or (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under title VII (the "participation clause"). *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 372-73 (5th Cir. 1999) (citation omitted).

The *McDonnell Douglas* burden-shifting framework described above applies in retaliation cases as well: A plaintiff must first prove a *prima facie* case. *See Septimus v. Univ. of Houston*, 399 F.3d 601, 607-08 (5th Cir. 2005). Once he has done that, the employer must provide "some legitimate nonretaliatory reason" for the adverse action. *Id.* at 608. If an employer meets that burden, the plaintiff must then show that the nonretaliatory reason was a pretext or that the protected activity was still a motivating factor. *Id.* Under the pretext approach, the plaintiff must show that the adverse employment action would not have been taken "but for" the employee's decision to engage in a protected activity. *Id.*

Ellis alleges that Chartwells retaliated by suspending her, but her claim fails, because she cannot establish a *prima facie* case of retaliation. At the time

No. 10-41261

of her suspension, she was not engaging in any protected activity.

For her actions to satisfy the opposition clause, Ellis must have had an objectively reasonable belief that Chartwells was engaged in unlawful employment practices. *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 428 (5th Cir. 2000). The undisputed evidence shows that such a belief would be unreasonable. Ellis admits that immediately before her suspension, she was attempting to obtain statements from coworkers to prove that Chartwells was not allowing them to assist her, that Chartwells was overworking her, and that she was being given a heavier workload than were other employees.[1] As we stated above, none of these alleged harms is an adverse employment practice. Thus, it would be objectively unreasonable for Ellis to believe that Chartwells was engaged in unlawful employment practices if the only alleged consequence was an increased workload.

Ellis also cannot satisfy the participation clause because, at the time of her suspension, she was not making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under title VII. She sought statements from her coworkers in December 2007 but did not file her EEOC charge until January 2008. Thus, there was no title VII proceeding at the time of the activity that led to her suspension—even the alleged retaliation occurred before the filing of an EEOC charge. *See id.* ("[I]n the instant case, the 'participation clause' is irrelevant because Byers did not file a charge with the EEOC until after the alleged retaliatory discharge took place.").

Furthermore, even assuming *arguendo* that Ellis was engaging in protected activity and could satisfy the other elements of a *prima facie* retaliation

---

[1] Two of the employees approached by Ellis were also black females. If Ellis was truly operating under the objectively reasonable belief that Chartwells was engaging in unlawful employment practices, it would be odd for her to approach persons similarly situated and obtain statements claiming that they were *not* being treated in the same manner as Ellis (i.e., that they were not being overworked as Ellis was).

7

claim, summary judgment was still proper, because Chartwells has provided a legitimate nonretaliatory reason for Ellis's suspension that Ellis has not rebutted. The undisputed evidence in the record consistently points to the conclusion that Ellis's suspension was based solely on her harassing behavior to her coworkers. She does not contest the accuracy of Chartwells's evidence or provide competent summary judgment evidence suggesting that this nonretaliatory reason was pretextual or that retaliation was the motivating factor in her suspension.

AFFIRMED.